IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT CONTRAGUERRO, JR. and
PANHANDLE CLEANING AND RESTORATION,

    Plaintiffs,

                                          Civil Action No. 5:14CV93
v.                                               (STAMP)

ALLSTATE INSURANCE COMPANY, INC. and
ALACRITY SERVICES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND,**
**DENYING REQUEST FOR ATTORNEY'S FEES AND**
**REMANDING TO THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA**

I. Procedural History

The plaintiffs, Robert Contraguerro, Jr. ("Contraguerro") and Panhandle Cleaning and Restoration ("Panhandle") (collectively, "the plaintiffs"), filed this action in the Circuit Court of Ohio County, West Virginia. In their complaint, the plaintiffs allege that defendant Alacrity Services, LLC ("Alacrity) has breached its contract with Panhandle and has taken part in witness intimidation and retaliation against Contraguerro. As to Allstate, the plaintiffs allege that defendant Allstate Insurance Company, Inc. ("Allstate") tortiously interfered with the contract between Alacrity, a company that operates a preferred contractor network for Allstate, and Panhandle and engaged in witness intimidation and retaliation against Contraguerro. Further, Contraguerro alleges that the actions by the defendants caused him emotional distress.

These allegations arose after Panhandle had entered into a contract with Alacrity as a preferred contractor for Allstate. Contraguerro, a Senior Executive of Panhandle, alleges that he was then called as a witness in a civil action involving one of Panhandle's former clients who had a claim against Allstate and who had received an estimate from Panhandle. The complaint further alleges that a regional field manager for Alacrity contacted Contraguerro informing him that Panhandle's status as a preferred contractor would be discontinued if he was a witness in the civil action. Contraguerro refused to withdraw as a witness and Panhandle's status as a preferred contractor was revoked.

Thereafter, the defendants removed this action to this Court pursuant to 28 U.S.C. § 1446(b)(1). Subsequently, this Court, through United States District Judge John Preston Bailey, found that the amount in controversy was not met by the defendants and remanded the case to the state court. After remand, Allstate offered a settlement of $5,000.00 to Panhandle and $120,000.00 to Contraguerro. Alacrity offered a settlement of $5,000.00 to Contraguerro and $77,000.00 to Panhandle. Contraguerro accepted Allstate's offer and Panhandle accepted Alacrity's offer. The defendants then timely removed this action pursuant to 28 U.S.C. § 1446(c)(1) asserting in their notice of removal that the amount in controversy exceeds $75,000.00 because those acceptances prove that the amount in controversy exceeds $75,000.00. Further, the

2

defendants contend that although those acceptances of settlement resolve those claims, the remaining claims remain subject to federal jurisdiction because jurisdiction has now been established. The plaintiffs then filed a motion to remand. That motion has now been fully briefed and is ripe for review.

## II. Facts

In their motion to remand, the plaintiffs assert that after a Rule 68 settlement offer is accepted, all that remains is the ministerial task of the judgment being entered by the clerk. Thus, those claims could no longer provide a basis for federal jurisdiction. Therefore, the only claims remaining would have a value of $10,000.00 according to the offers made by the defendants. Further, the plaintiffs request attorney's fees as the defendants lacked an objectively reasonable basis for seeking removal because this is a case where a simple application of Rule 68 shows that removal is not proper.

In response, Allstate asserts that Rule 68 is not self-executing and that the claims had not been dismissed at the time of removal because the judgments had not been entered by the clerk, the court had not directed the clerk to enter judgment, and the plaintiffs had not sought entry of the judgments by the clerk. Thus, Allstate argues that because jurisdiction is determined at the time of removal, the defendants properly removed. In the alternative, Allstate contends that the Court can consider the

judgments as evidence of the amount in controversy when taken with the allegations in the complaint. In the previous removal, Alacrity had provided an affidavit stating that Panhandle had accrued $85,000.00 based on the referrals when the contract was still in play. This, taken with the accepted judgment of $77,000.00 from Alacrity, shows that the claims against Allstate would exceed $75,000.00. Additionally, Allstate argues that because Contraguerro is seeking damages for emotional distress and both plaintiffs are seeking attorney's fees and punitive damages, the amount in controversy would be increased.

Further, Allstate argues that the acceptance of the offers constituted an "other paper" because the term "other paper" has been construed broadly and the plaintiffs performed a voluntary act which triggered removal. Allstate also contends rejection of the other two $5,000.00 offers does not demonstrate that the remaining claims do not exceed $75,000.00 because rejection of a settlement offer does not constitute an "other paper." Additionally, Allstate argues that because this Court has jurisdiction over the other claims, it has supplemental jurisdiction over any claims that do not meet the $75,000.00 threshold. Finally, Allstate asserts that attorney's fees should not be awarded because the above arguments for removal are not unreasonable.

Alacrity filed a brief response stating that the acceptance of the offers by the plaintiffs substantiated that the amount in controversy is in excess of $75,000.00.

In their reply, the plaintiffs reiterate their argument as to Rule 68 and as to the unaccepted offers being irrelevant as they would not constitute an "other paper" but those claims still show that the defendants value the remaining claims at $10,000.00. Next, the plaintiffs assert that Allstate's argument that the acceptance of the offers, taken with the complaint, would necessarily result in damages in excess of $75,000.00. The plaintiffs argue that the defendants are simply putting forth the same evidence they used in the initial 2013 removal and thus, remand should be granted. Further, the plaintiffs contend that the acceptance of the offers was an offer of judgment not an offer of settlement and thus, it does not constitute an "other paper" because the acceptance resulted in a complete resolution of those claims. Finally, the plaintiffs argue that just because the parties disagree as to whether removal is proper does not mean that the defendants had an objectively reasonable basis for removal.

Based on the following analysis, this Court finds that the plaintiffs' motion to remand should be granted.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was

available at the moment the petition for removal was filed. <u>Chase v. Shop 'N Save Warehouse Foods</u>, 110 F.3d 424, 428 (7th Cir. 1997).

IV. <u>Discussion</u>

A. <u>Motion to Remand</u>

The defendants set forth two arguments in their notice of removal and response to the plaintiffs' motion to remand. The defendants argue that based on the settlement amounts that the plaintiffs accepted and pursuant to Rule 68 of either the West Virginia Rules of Civil Procedure or the Federal Rules of Civil Procedure, this Court now has jurisdiction to hear the pending claims in this action. In the alternative, the defendants contend that the $75,000.00 amount in controversy threshold has been met based on the amounts that each defendant settled for with each individual plaintiff, Contraguerro's claim for damages based on emotional distress, and both plaintiffs' claims for attorney's fees and costs and punitive damages.

1. <u>Rule 68 Language</u>

Federal Rule of Civil Procedure and the West Virginia Rule of Civil Procedure 68 are similar in how a settlement offer is conducted pursuant to the rule. Under the federal rule, an offer of judgment must be served upon the opposing party, then either party may file the offer and notice of acceptance, and then the clerk must enter judgment. Fed. R. Civ. P. 68. Under the West Virginia rule, the process is the same except that the court must

7

direct entry of the judgment by the clerk. W. Va. R. Civ. P. 68. The defendants, in their response to the motion to remand, acknowledge that the difference between the two rules has no impact here. ECF No. 11 at 3. As such, this Court will simply refer to the offer of judgment rule as "Rule 68."

Rule 68's intended "purpose [is] to encourage the settlement of litigation, since the Rule provides an inducement to settle those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain." Delta Air Lines, Inc. v. August, 450 U.S. 346, 346 (1981). Thus, "[b]y directing that the clerk shall enter judgment after proof of offer and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties' agreement." Mallory v. Eyrich, 922 F.2d 1273, 1279 (6th Cir. 1991). The entry of a Rule 68 judgment is self-executing and thus ministerial rather than discretionary. Id.; see also Bevier v. Blue Cross & Blue Shield of S.C., 337 F. App'x 357, 359 (4th Cir. 2009). Rule 68 does not condition entry of judgment on the resolution of all issues but "[a]n offer of judgment is an offer that judgment be entered on all claims in the action in which it is offered unless otherwise stated. The acceptance is an agreement that the offer be accepted on those terms." Oates v. Oates, 866 F.2d 203, 208 (6th Cir.

1989), cert. denied, 490 U.S. 1109 (1989)); Curry v. County of Lake, 1995 WL 125445 (N.D. Cal. 1995).

Because of this precedent, this Court finds that the plaintiffs' acceptance of the separate offers of judgment from the defendants was a final judgment on those claims. Although the defendants' notice of removal appears to raise a novel issue in this area, this Court has found at least supporting precedent for such a finding.

For instance, where a clerk was required to enter a Rule 68 judgment but refused because the parties had not resolved their dispute of costs, the United States Court of Appeals for the Sixth Circuit found that costs should be calculated from the date the offer and notice of acceptance was filed by the party rather than the date that judgment was entered. Oates, 866 F.2d at 208. The Sixth Circuit found that "the court clerk failed to perform the ministerial act of entering judgment [and thus] the court should have entered judgment nunc pro tunc." Id. Therefore, the court held that the Rule 68 judgment was final once the offer and notice of acceptance was filed. Id.

This case is no different even though it involves removal to a federal court. The defendants made offers to the individual plaintiffs which laid out certain terms. Each plaintiff had the ability to deny or accept the individual offers. Further, those offers of judgment and acceptance were filed with the state court.

9

Thus, those Rule 68 offers became self-executing judgments which only required the ministerial task of being directed to be entered. Even without entrance, the state court, and this Court, is without discretion to change those judgments. This Court must consider that the entrance of those filings at a later date would simply be a nunc pro tunc action by the state court. Accordingly, this Court finds that as to the claims upon which the plaintiffs accepted the offers of judgment, those claims are now resolved. Gardner v. Catering by Henry Smith, Inc., 205 F. Supp. 2d 49, 51 (E.D.N.Y. 2002) ("[T]he plaintiff's acceptance of the Rule 68 offer of judgment constitutes a final judgment."). Thus, those claims may not be used to determine the amount in controversy as they were not pending at the time of removal.[1]

2. Defendants' Argument in the Alternative

This Court has found that the offers and acceptances made by the parties forego the opportunity for the defendants to use those figures for the amount in controversy. Further, this Court had previously found that the allegations in the complaint coupled with the Miko affidavit (ECF No. 15-1 in 5:13CV118; and ECF No. 10-1 in this action) were not sufficient to support a finding that the amount in controversy has been met. Contraguerro, et al. v.

---

[1]Because this Court has made such a finding, it will not consider the parties' contentions as to whether the offers constituted an "other paper" because such a determination is not necessary.

Allstate Insurance Co., Inc., et al., Civ. No. 5:13CV118 (N.D. W. Va. Oct. 2, 2013)(Bailey). The same evidence is being provided by the defendants at this time coupled with the judgment offers which this Court has held may not be considered. Because the other evidence has already been found to be insufficient, this Court must again remand this action.

B.  Request for Attorney's Fees and Costs

Title 28, United States Code, Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." With respect to the award of attorney's fees and costs, the United States Court of Appeals for the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). However, courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

This Court finds that such fees and costs are not appropriate in this matter. A removing party does not have an objectively reasonable basis for removal if the basis for removal is contrary to clear case law and "a cursory examination of the applicable law

would have revealed that the federal district court does not have jurisdiction." Husk v. E.I. Du Pont De Nemours and Co., 842 F. Supp. 895, 899 (S.D. W. Va. 1994); see also Powers v. Cottrell, Inc., 728 F.3d 509, 520 (6th Cir. 2013); Gibson v. Tinkey, 822 F. Supp. 347, 349 (S.D. W. Va. 1993).  Given the somewhat novel question that is presented in the defendants' notice of removal and in this motion to remand, it cannot be said that the defendants lacked an objectively reasonable basis for removing to this Court. A cursory examination of the case law would not have led the defendants to believe that such action was inappropriate as the question presented by the notice of removal and this motion to remand are somewhat novel.  As such, the plaintiffs' request for attorney's fees and cost is denied.

V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED.  This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 7, 2014

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE